IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUSEYIN ZEYBEK, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 25-512J |
| ) | |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| WARDEN LEONARD ODDO, *et. al.*, ) | Re: ECF No. 1 |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Eduardo Huseyin Zeybek ("Petitioner") is an immigration detainee who currently is held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") on December 12, 2025. ECF No. 1.

In the Petition, Petitioner challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Id. at 2. Instead, Petitioner asserts that he is subject to detention pursuant to a different statute – 8 U.S.C. § 1226(a) – which would allow him the possibility of release on bond. Id. at 3.

For the reasons that follow, the Petition will be conditionally granted.[1]

I.  RELEVANT BACKGROUND AND FACTS

In the Petition, Petitioner alleges that he is a native and citizen of Turkey. ECF No. 1 at 4. He alleges that he entered the United States on July 21, 2024, was detained by the Department of Homeland Security ("DHS") upon entry, and was released two days later. Id. at 14. Petitioner

---

[1] The Parties consented to the jurisdiction of a United States Magistrate Judge on December 19, 2025. ECF Nos. 5 and 8.

alleges that he was arrested in Philadelphia on November 17, 2025, during a routine check-in with immigration authorities, and has been detained ever since without an opportunity to post bond or to be released on other conditions. Id. at 14-15. See also ECF No. 9 at 2-3.

Petitioner's Notice to Appear, dated July 22, 2024, charges him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.[2] ECF No. 9-1 at 2.

A subsequent record created by immigration authorities, dated November 17, 2025, further charges Petitioner with being removable under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by [the INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required . . . by the Attorney General. ECF No. 9-1 at 5-6. However, no amended Notice to Appear that includes this charge has been submitted to this Court by Respondents.

There is no indication on the record that a final order of removal has been entered against Petitioner.

Respondents answered the Petition on January 2, 2026. ECF No. 9. They raise a variety of arguments in the Answer, including that Petitioner is not entitled to a bond hearing under Section 1226(a) because he is an "applicant for admission," and thus mandatorily detained pursuant to

---

[2] Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA"). These citations often do not match up to the United States Code in any discernable fashion. In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

Section 1225(b)(2).  Id. at 9.  In the Answer, Respondents concede that this interpretation of the law is recent, and that prior to July 8, 2025, it was the position of DHS and the immigration courts that Petitioner would have been eligible to apply for discretionary bond pursuant to Section 1226(a).  Id.

By way of relief, Petitioner asks for immediate release from immigration detention.  ECF No. 1 at 17.

The Petition is ripe for consideration.

## II.    DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]"  Id. at § 2241(c)(3).  This Court has jurisdiction to hear the merits of the instant case under that statute.  Bystron v. Hoover, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing Demore v. Kim, 538 U.S. 510 (2003) and Zadvydas v. Davis, 533 U.S. 678 (2001)).

8 U.S.C. § 1226 – the statute that Petitioner argues should apply to his current detention – states, in pertinent part:

> Apprehension and detention of aliens
>
> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but

3

> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

In contrast, 8 U.S.C. § 1225– the statute that Respondents argue should apply – states, in pertinent part:

> Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing
>
> a) Inspection
>
> (1) Aliens treated as applicants for admission
>
> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> \*\*\*\*
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Historically, there would have been no dispute that Petitioner was entitled to a bond hearing before an immigration judge pursuant Section 1226(a). See ECF No. 9 at 9. However, recent changes in policy by Immigration and Customs Enforcement ("ICE"), see https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Jan. 6, 2026), and the decision of the Board of Immigration

Appeals essentially ratifying this policy in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), have resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States.  See Hurtado, 29 I&N Dec. at 228-29.

The reasoning in Hurtado has been soundly rejected by the overwhelming majority of district courts that have opined on it.  See, e.g., Bethancourt Soto v. Soto, --- F.Supp.3d ----, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases).

For the reasons recently and ably articulated by District Judge Stephanie Haines in Calzado Diaz v. Noem, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), the undersigned joins the chorus of federal judges who have rejected Hurtado.

The crux of Petitioner's arguments is that his rights are violated because he has been denied a bond hearing before a neutral arbiter.  ECF No. 1 at 9-12 and 16-17.  Thus, the undersigned declines to grant outright release.  Instead, because Petitioner's detention is governed by Section 1226(a), he has a statutory right to a bond hearing.  See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  See also 8 C.F.R. § 1003.19.  Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations.

Any other habeas relief requested by Petitioner is denied.[3]

---

[3] This Memorandum Opinion should not be interpreted to foreclose a challenge to Petitioner's detention in the future, as appropriate, if it becomes unreasonably prolonged.  See German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020).  Nor should it be interpreted to limit any arguments that Petitioner might make at his forthcoming bond hearing.

### III. CONCLUSION

For the reasons set forth herein, the Petition, ECF No. 1, will be conditionally granted.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: January 6, 2026

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of record (*via* CM/ECF)